UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COURT FILE NO.: CV - _____

-----------------------------------------------------------X

YASER ARSHAD

          Plaintiff,                              **COMPLAINT**

   -against-

FORSTER & GARBUS, LLP.

          Defendant.

-----------------------------------------------------------X

For this complaint, the Plaintiff Yaser ARSHAD (hereinafter "Mr. Arshad"), by his attorney, Stanley Smotritsky, states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

4. Mr. Arshad is an individual person who resides in Queens, New York.

5. Mr. Arshad is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) since he is a natural person allegedly obligated to pay a debt.

6. Defendant Forster & Gabus, LLP, (hereinafter "Defendant Forster"), with principal place of business in Commack, New York.

7. Defendant Forster is regularly engaged, for profit, in the collection of debts alleged owed by consumers and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Sometime prior to 2007, Mr. Arshad is alleged to have incurred a financial obligation to CAPITAL ONE BANK, that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff had fallen behind on payments owed to CAPITAL ONE BANK.

10. On March 20, 2007, a judgment was entered in New Jersey Superior Court, Hudson County, in favor of CAPITAL ONE BANK and against Mr. Arshad in the amount of $3290.60 (***Exhibit A***).

11. Sometime in 2010, CAPITAL ONE BANK, sought enforcement of said judgment in Civil Court of New York, Queens County.

12. On or about August 18, 2010, this matter was resolved between CAPITAL ONE BANK and Mr. Arshad and stipulation of discontinuance was filed with the court (***Exhibit B***)

13. On or about May 8, 2015, Defendant Forster, commenced State court action against Mr. Arshad on behalf of LVNV Funding LLC a/p/o CITIBANK (SOUTH DAKOTA) NA. by filing summons and complaint with the Queens County Civil Court, Index #12859 (***Exhibit C***).

14. In the pleadings, Defendant Forster alleges that judgment was duly entered in favor of Plaintiff (LVNV Funding LLC a/p/o CITIBANK) and against Mr. Arshad in the amount of $3290.00.

15. In support of the pleadings, Defendant attached a copy of judgment entered in favor of CAPITAL ONE BANK and against Mr. Arshad.

16. Upon information and belief, LVNV Funding/CITIBANK never had a judgment duly entered against Mr. Arshad.

17. Defendant Forster, brought a legal action against Mr. Arshad based on erroneous judgment entered in favor of a different creditor and which was already satisfied.

18. Defendant knew or should have known that collection action against Mr. Arshad was brought based on incorrect judgment entered in favor of a different creditor

19. Mr. Arshad credit history and credit screw were blemished by the Defendant's collection actions and thereby reduced his ability to qualify for financing and credit.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

- Defendants' conduct violated the FDCPA in multiples ways, including but not limited to, the following:

- Engaging in conduct the natural consequences of which is to harass, oppress or abuse Plaintiff in connection with the debt in violation of 15 U.S.C. § 1692 (d);

- Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692 (F);

- Employing false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692 (d)(10);

- Misrepresenting the amount of debt in violation of 15 U.S.C. § 1692(e)(2);

- Collecting amount not authorized by agreement or expressly not permitted by law in violation of 15 U.S.C. § 1692(f)(1)

- Failing to send Plaintiff a validation notice within five days of the initial communication in violation of 15 U.S.C. § 1692g.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

-4-

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 10, 2015

*/s/ Stanley Smotritsky*

Stanley Smotritsky, Esq.
SMOTRITSKY LAW GROUP
Attorneys for Plaintiff
2080 Coney Island Avenue
Brooklyn, New York 11223
Telephone: (718) 554-3630
Facsimile: (718) 679-9196
stan@srlawonline.com